11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Major
Kirven

Appellant

Vs.                   No. 11-02-00269-CR B Appeal from
Coleman County

State
of Texas

Appellee

 

After Major Kirven waived his right to a jury trial, the
trial court convicted him of the offense of delivery of a controlled substance B less than one
gram of cocaine.  Upon appellant=s plea of true
to the enhancement allegations, the trial court found them to be true and
assessed appellant=s punishment at confinement for 20 years.  We affirm. 


Appellant=s court-appointed counsel has filed a
brief in which she states that she has conscientiously examined the
record.  In her brief, counsel asserts
that potential issues exist with respect to the legal and factual sufficiency
of the evidence, appellant=s waiver of his right to a jury trial,
the failure of the enhancement allegations to be included in the indictment,
the effectiveness of trial counsel=s assistance, and the assessment of the
maximum punishment.  Upon reviewing
these potential issues, counsel concludes that no reversible error exists and
that the issues have no merit. 
Following the procedures outlined in Anders v. California, 386 U.S. 738
(1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), counsel has
concluded that the appeal is without merit. 
Counsel has discussed the applicable law and concluded that there are no
grounds upon which to predicate a reversal.

Counsel furnished appellant with a copy of the brief and
advised appellant of his right to review the record and file a pro se
brief.  Counsel complied with the
procedures outlined in Anders v. California, supra; Stafford v. State, 813 S.W.2d
503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie
v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, supra.








Appellant has filed a pro se brief in which he asserts that
the evidence is insufficient to support his conviction because Athere was no >Chemist= in Court to
witness what the >substance= [was].@ 
We disagree.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  In order to
determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence supporting guilt
is so weak as to render the conviction clearly wrong and manifestly unjust or
whether the evidence supporting guilt, although adequate when taken alone, is
so greatly outweighed by the overwhelming weight of contrary evidence as to
render the conviction clearly wrong and manifestly unjust.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson
v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  

The record shows that the drug task force agent in charge of
the controlled buy from appellant personally took the two pieces of rock-like
substance to the lab to be tested.  The
lab report prepared by the Texas Department of Public Safety Abilene DPS Crime
Lab was admitted without objection.  The
report reflected that the substance was cocaine weighing .13 grams.  The drug task force agent identified the
case report number and the two rocks of cocaine as those pertaining to
appellant=s case, and the
cocaine was admitted into evidence without objection.  We hold that the trial court=s verdict is supported by both legally
and factually sufficient evidence. 
Appellant=s point of
error is overruled. 








Following the procedures outlined in Anders, we have
independently reviewed the record.  The
evidence is both legally and factually sufficient to support appellant=s
conviction.  The record contains ample
evidence regarding the delivery of less than one gram of cocaine from appellant
to an informant in a controlled-buy situation. 
Also, the record supports the conclusion that appellant voluntarily waived
his right to a jury trial.  Next, the
enhancement allegations did not have to be included in the indictment because
they were filed in a separate pleading. 
See Brooks v. State, 957 S.W.2d 30 (Tex.Cr.App.1997).  Furthermore, the assessment of the maximum
punishment was within the trial court=s discretion.  As an habitual offender, appellant=s punishment for committing a state jail
felony in this case was enhanced to punishment for a second degree felony,
which carries a maximum term of confinement of 20 years.  See TEX. PENAL CODE ANN. '' 12.33 &
12.42(a)(2) (Vernon 2003); TEX. HEALTH & SAFETY CODE ANN. ' 481.112(b)
(Vernon Pamph. Supp. 2003).  The record
does not reflect that counsel=s representation was not within the range
of competence demanded of attorneys in criminal cases or that there is a
reasonable probability that, but for counsel=s error, appellant would not have pleaded
guilty but would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d
530 (Tex.Cr.App.1997), cert. den=d, 525 U.S. 810
(1998).  Appellant was afforded
reasonably effective assistance of counsel in the trial court.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  We agree with appellant=s
court-appointed counsel that the appeal is without merit.  

The judgment of the trial court is affirmed.

 

PER CURIAM

 

April
3, 2003

Do
not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists
of: Arnot, C.J., and 

Wright, J., and
McCall, J.